Nelson, J.,
delivered the opinion of the Court.
Four suits were brought by the defendant in error, on the 26th day of April, 1869, before a Justice, against the plaintiff in error, upon notes executed by his intestate, in his life-time, and severally bearing date March 1, 1856, August 1, 1859, and August 1, 1860. Judgments were rendered against the plaintiff in error, from which he appealed to the Circuit Court of Hawkins county; and, in the progress of the causes, an agreement, in writing, was executed by the parties, from which it appears that they agreed that the causes might be tried with or Avithout a “jury, at the election of the Court, that judgment should be rendered in favor of the plaintiff/’ in accordance with the face of the notes sued on, or in. accordance with the kind of money called for in the notes; that no other defense should be relied upon, except the statute of limitations in favor of executors and administrators; and that nothing contained in the agreement is to be construed as preventing either party from appealing to the Supreme Court in said causes.
The case was submitted to a jury, and judgment was rendered in favor of the plaintiff, on three of the notes, which were payable “in silver,” for the aggregate sum of *391 $403.27, in silver coin of the United States of America, and on the remaining note which was payable in dollars, for the aggregate .sum of $195 and costs; from which judgment an appeal was taken by plaintiff in error to this Court. The bill of exceptions shows that the jury were sworn “well and truly to try the fact as to whether demand had been made by the plaintiff of the defendant, •for the payment of the notes in controversy, and at Avhat time, and if defendant had requested plaintiff to delay enforcing the collection of the same/’ The jury found “that demand was made by the plaintiff in the month of December, 1868, and delay requested, by defendant, at said date.” The parties were the only witnesses in the case. William McBride stated that, on the 9th day of December, 1868, while defendant was at plaintiff’s house on business, he told defendant he would like to have his claim settled, and defendant replied, “hold on, your claims' are good,” whereupon, plaintiff delayed enforcing the collection of the same, until the bringing of this action. Rodham Chesnutt, the defendant, stated, among other things, that he entered upon his duty as executor of S. Chesnutt, on the 7th day of July, 1862; that he knew of these notes of plaintiff’s, and had talked with him about them, and had told plaintiff two or three times, they were good, but never requested him to delay.enforcing the collection. “ The Court decided that the law is with the plaintiff, and that the notes are not barred by the statute of limitation as pleaded.”
It may be inferred,- from the record, that both parties are citizens of the State, and that, if the creditor was bound to sue within two years and six months, *392 the time expired on the 7th of January, 1865; but it is insisted that, under the amended Constitution of the 22d of February, 1865, -and the act of the 30th of May, 1865, c. 10, taken in connection with the provisions of the Code, there was a request for delay sufficient to prevent the operation of the statute of limitations in favor of personal representatives, and that, upon this ground, the judgment of the Circuit Judge is correct. But we are of opinion that, without determining whether, after the bar of the statute has been formed, a cause of action can be revived and the remedy extended by constitutional amendment or legislative enactment.† the facts presented in this record do not sustain the verdict and judgment of the Court below, according to the long established course of decision in this Court. Sections 2784 and 2785 of the Code, are substantially the same as the act of 1789, c. 23, s. 4, C. & N., 75; and in construing the last named statute, it was declared by Judge Reese, Trott v. West, 9 Yer., 435, that “the suit, after demand is made, must be delayed ' by the request of the administrator, not vague, not indefinite, not to be implied or inferred merely, but special;” and “that the special request shall stipulate for special delay for a definite time of indulgence, during which the statute shall not bar the claim.” In that case, it was held that payment, by an administrator, of part of the demand, and a promise to pay the balance soon, were not equivalent to a special request, or suffi *393 cient evidence from which to infer, or presume, a special request. Ib., 436. In Puckett v. James, it was held that, where it was ascertained there was not assets to pay all the debts, without resorting to the land and negroes, a request of the creditor, by the executor, to suspend the debt until the land was paid for, was sufficiently specific. 2 Hum., 566, 567. In P. & M. Bank v. Leath & Mathews, Ex’rs, the two previous cases were cited with approval; but, in further expounding the statute, it was held that, if there was a special request for delay and there was a delay, it should be inferred that the delay was in consequence of the request. 11 Hum., 517. In McKissack & Co. v. Smith, 1 Sneed, 472, 473, the cases of Troü v'. West, and Puolcett v. James, were reviewed, and it was said that “if the question were an open one, it might, perhaps, admit of some doubt whether, in the exposition of the proviso to the fourth section of the Act of 1789, it is not going very far to hold that, by a special request for delay, is meant a stipulation for delay, for a definite time of indulgence;” and it was held that a request to delay until the representative can collect the debts of the estate, or until he can collect money, is a special request and for a sufficiently definite time; but, in that case, it was held that a mere promise “to pay soon,” was too vague and indefinite. In the case of Birdsong v. Birdsong, 2 Head, 603, it was determined that where one-half of the debt was paid and a promise by the administrator to credit a note due the estate, for so much of ■ the balance as might be just, not admitting it all to be so, was not a request for delay for any time, or until any *394 event. In Byrn v. Fleming, 3 Head, 663, the question being then directly presented for the' first time, it was held that if proper and effectual steps be not taken within the time limited, by the personal representative, to enforce satisfaction of a claim, in his own favor, upon the estate, he will be barred, as in case of other creditors failing to sue within the proper time. And, in the State v. Crutcher’s Adm’r, 2 Swan, 514, it was held, by a majority of the Court, McKinney, J., delivering the opinion, that even the State is barred by the statute of limitation, in favor of executors and of heirs.
In the case now under consideration, the evidence before the jury that the administrator, when requested by the creditor, to have his claim settled, said “hold on, your claims are good,” -can scarcely be considered as a special request to delay the suit, and certainly is not a request to delay, for any definite period of time, or a •request dependent upon the happening of any certain contingency; nor does' the finding of the jury that, when demand was made, the plaintiff requested delay, satisfy either the requirements of the statute or any of the former decisions of this Court. It does not show a special request to delay for a definite time of indulgence, or for any period that can, by reasonable intendment, be reduced to certainty. The assurance that the debt was good, involved no promise to pay it. Such a statement ° might be made with perfect truth, in regard to any solvent estate, within the time allowed by law, for .prosecuting claims against it; and yet, if the creditor, who is presumed to know the law, failed to pursue his remedy, within the time prescribed by it, *395 there is no saving in the statute sufficient to embrace his negligence.
This view of the case saves the necessity of determining the other interesting, and important questions raised in argument for the plaintiff in error, in regard to the amended Constitution of 1865, and the statute of limitations.
Let the judgment be reversed.

 This question has since been determined in Girdner v. Stephens, ante 280.